Adams, J.
There are three cases-here in which John Tucker is in *2 terested as plaintiff in error, and the city of Newark as defendant in error, which have been submitted’together. One is a suit for injunction brought by John Tucker on behalf of the city of Newark, under the statute, after notice and demand to the city solicitor. The second is a petition for a writ of mandamus, brought by John Tucker and Thomas B. Townsend against the city of Newark, The third is John Tucker individually against the city of Newark, a petition for injunction.
It was conceded on the argument that these three cases involved substantially the same question,and that the allegations of these three different petitions were substantially the same so far as the question that was made in the court below was concerned which was argued here.
I will refer to the petition in the mandamus case:
The petition in that case sets out at considerable length the class and grade of the city of Newark; and that all the necessary steps for the improving of three different streets in the city of Newark, by paving with brick, were taken; and the petition states that it had been determined beforehand that these streets were to be paved with fire brick equal to brick manufactured by the John Porter Company. The advertisement for bids provides that bids for fire brick shall designate the kind to be furnished, and to be equal in quality with those manufactured by the John Porter Company.
This petition shows that Tucker and Townsend were bidders on all three of these streets, and that their bids were the lowest bids. These bids were rejected.
All the material facts well pleaded in these three petitions were admitted by the demurrer in the court below, which ivas sustained, and the sustaining of that demurrer is the Only question that is before this court.
As stated in argument here, these streets have long since been paved by other contractors; but the rights of these *3 parties must be determined as they existed at the time of the bringing of the suit, and not at this date.
The only question made here, and the only objectiop made in argument to the bid of Tucker and Townsend, is that the bid did not specify the manufacturer of the brick which they proposed to furnish in the paving of these three streets. And that calls for a construction of paragraph six of section 2303 of the Revised Statutes, which provides:
"None but the lowest responsible bid shall be accepted, when such bids are for the labor or material separately; provided,that when the character of the material of the improvement has not been determined upon before the bids are received, that the lowest responsible bid for the improvement with the material determined upon after the bids have been received, shall be accepted; but the council may, in its discretion, reject all the bids, or it may, at its discretion, accept any bid for both labor and material which'jjmay be the lowest aggregate cost of such improvement or repairs. ’’
Sections 2273 and 2271 provide that at least one-fiftieth of the total cost of the improvement shall be paid by general taxation by the city. That the cost of street intersections must be paid by the city, and not out of the money raise,ql by assessments on the abutting property holders.
I say that, in connection with these suits for injunction,, to show that the tax-payer is interested directly in this question.
It was said here that the circuit court at some former term several years ago held that advertisements for bids which specify a particular manufacture of brick were illegal, because there could be no competition. Now, in this case, if the claim made by the city of Newark be correct, would there be any competition ? If they advertise for bids and say that the bidder shall specify the kind of brick to be furnished, meaning that he shall specify the particular plant or factory from which the brick are to come, and after the bids are all in, the council may then determine, not the *4 character of the material to be used in the improvement, but'the particular kind of brick (that is, specify the plant from which it is to come), where is the competition in that case?
S. M. Hunter, on behalf of Plaintiff in Error.
Frederick M. Black, on behalf of Defendant in Error.
As a matter of fact, many of these brick manufacturers are also competitors for these paving contracts. They control the output of their own factories, so that if the council has the legal right, after they have determined that the pavement shall be made of fire brick of a certain grade or quality, to choose the factory from which the brick shall come, the want of a competition makes this transaction a good deal of a farce, because they can take the highest or the lowest bid, just as they see fit, without regard to whether the brick are of the standard of quality which they have specified,
As we understand this section 6, the character of the material would mean, as an illustration: “Are you going to pave this street with granite, or with firebrick; are you going to macadamize it, or are you going to put down an asphalt pavement?” Now, you can advertise for bids with specifications providing for ail those different characters of material. Then you get competition for the granite; competition for the brick, and for the other kinds of paving material. Then, when the bids are in, council can determine which of those different materials they will use. If they decide on the granite, then they must let the contract to the lowest bidder on granite. If they decide to let the contract for brick, then they must let the contract to the lowest bidder on brick, and so on.
And we think that this view that we take of this section of the statute is entirely in accord with the former holding of this court; and that view of the law requires us to hold that each of these three petitions stated a cause of action; and the judgment of the lower court will be reversed, and the cases r°manded for further proceedings according to law.